UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARITY ELLERS,

                                Plaintiff,

                     v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                Defendant.
_____

DECISION AND ORDER

16-CV-6722L

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

      On April 11, 2013, plaintiff, then thirty-five years old, filed an application for Supplemental Security Income benefits. Plaintiff alleged an inability to work since July 10, 2013. (Administrative Transcript, Dkt. #6-2 at 11, 28).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on March 24, 2015 before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued a decision on June 30, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6-2 at 11-20). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 30, 2016. (Dkt. #6-2 at 1-7). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #12), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings pursuant to Fed.

---

[1] Note that the pages of the Administrative Transcript (Dkt. #6 et seq.) cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, including her treatment notes for degenerative joint disease of the ankles and feet, bilateral plantar fasiciitis, bilateral pes planus (flat feet), right knee osteoarthritis, left knee osteoarthritis status post arthroscopic surgery, obstructive sleep apnea, morbid obesity, mood disorder, bipolar disorder with psychotic features, anxiety disorder, post-traumatic stress disorder, and alcohol abuse/dependence in partial remission, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.

Upon review of the record, the ALJ found that the claimant has the residual functional capacity to perform a limited range of sedentary work. Plaintiff can occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than ten pounds, and can stand and/or walk for up to two hours in an eight-hour workday and sit for six hours in an eight-hour workday. She can occasionally push and/or pull up to 10 pounds, can occasionally climb ramps and or stairs, and

occasionally balance, stoop, kneel, crouch and crawl. Plaintiff can never climb ladders, ropes or scaffolds, and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. She can understand, remember and carry out simple instructions and tasks, and occasionally interact with coworkers and supervisors. She can have little to no contact with the general public, and is limited to work in a low stress environment (i.e., no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.). She can consistently maintain concentration and focus for up to two hours at a time. (Dkt. #6-2 at 19). When given this RFC, vocational expert Dawn Blythe testified that plaintiff can perform the sedentary positions of addresser, document preparer and surveillance system monitor. (Dkt. #6-2 at 28).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that his finding that the plaintiff was not disabled was supported by substantial evidence and contained no legal error.

Initially, plaintiff claims that the ALJ failed to properly consider the medical opinion evidence of record.

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence.[2] *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's

---

[2] Although not relevant here, the Court notes that the regulations governing the "treating physician rule" recently changed as to claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, the prior version of the regulation applies.

3

failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128,1 34 (2d Cir. 1999); *Schall v. Apfel*, 134 F.3d 496 (2d Cir. 1998).

The plaintiff's treating internist, Dr. Seung Hur, submitted an obesity-specific RFC evaluation. (Dkt. #6-7 at 575-78). Dr. Hur noted that as of October 30, 2014, plaintiff stood 5'10" and weighed 319 pounds. He opined that plaintiff's morbid obesity caused foot and knee pain, depression, fatigue, shortness of breath, and resulted in a "markedly limited ability" to stand, walk, and engage in physical activity. Dr. Hur declined to render an opinion on plaintiff's specific postural limitations and her capacity to lift and carry, noting that due to an upcoming foot surgery, a "physical capacity evaluation [would need to be performed] in the future." (Dkt. #6-7 at 576). The ALJ assigned "limited persuasive weight" to Dr. Hur's opinion, noting that it was unsupported by any corroborative objective evidence, contained few clinical findings, and was inconsistent with the overall treatment record, including Dr. Hur's own treatment notes. (Dkt. #6-7 at 453).

The Court concurs. Dr. Hur's opinion is cursory, largely incomplete, and unsupported by any objective clinical findings or objective examination results. It provides no meaningful assessment of plaintiff's postural or exertional limitations. As such, the ALJ's decision not to give controlling weight to Dr. Hur's opinion was sufficiently explained and properly supported.

Even assuming *arguendo* that the ALJ should have deferred to Dr. Hur's opinion by explicitly finding that plaintiff has "marked" limitations with respect to physical exertion, standing and/or walking, such error would have been harmless, as the ALJ's RFC determination already accounted for such limitations by limiting plaintiff to a narrow range of sedentary work. *See generally Vesneske-Margage v. Berryhill*, 2017 U.S. Dist. LEXIS 151117 at *12-*14 (W.D.N.Y.

4

2017) (marked limitations in standing and walking are accommodated by a limitation to sedentary work, since "sedentary work does not involve any prolonged walking [or] standing").

Plaintiff also claims that the ALJ erred by giving only "limited" weight to the opinion of Dr. Abraham Thundathil, a psychiatrist who examined the plaintiff on one occasion and opined that she had "marked" limitations (defined by the form he used as unable to function "more than 25% of the time") with regard to memory, appropriate interpersonal interactions, functioning independently, making simple decisions, meeting goals, etc. (Dkt. #6-7 at 611-14). Initially, the Court is unconvinced by plaintiff's speculative argument that Dr. Thundathil, who worked at Wayne Behavioral Health Network, the same facility where plaintiff received therapy from other providers, "obviously [would have] had at his disposal the entirety of [plaintiff's] treatment record for review" when he completed his evaluation form, such that his opinion should have been considered by the ALJ to be that of a treating physician instead of an examining one. (Dkt. #12-2 at 20).

However, regardless of whether Dr. Thundathil is considered a treating physician or merely an examining one, the reasons the ALJ gave for assigning limited weight to his opinion are sound and adequately explained. As the ALJ noted in giving Dr. Thundathil's opinion "limited" weight, the opinion was based on a single examination, was not supported by any narrative explanations or clinical or objective findings, and was inconsistent with plaintiff's treatment records, which showed effective participation and interaction with others in group therapy, and improvement in her psychological symptoms with medication. (Dkt. #6-2 at 26, Dkt. #6-7 at 579-83).

Plaintiff also maintains that the ALJ's credibility determination is not supported by substantial evidence. An ALJ "may discount plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and [claimant's] own activities

during the relevant period." *Lovell v. Colvin*, 137 F.Supp.3d 347 (W.D.N.Y. 2015) (quoting *Wischoff v. Astrue*, 2010 U.S. Dist. LEXIS 37961, at *17 (W.D.N.Y. 2010)). Here, plaintiff's statements regarding the intensity and limiting effects of her symptoms are unsupported by medical evidence of record, and her self-reported daily activities.

As the ALJ explained (Dkt. #6-2 at 27), although plaintiff testified at the hearing that she is unable to perform housekeeping tasks without significant assistance or frequent breaks, plaintiff's medical records and self-reports to treating and examining physicians indicate that she is able to independently perform light chores (e.g., "shoveling snow" as recently as February 2015), dress, bathe, cook, clean, do laundry, shop, and attend group therapy sessions and other medical appointments. Plaintiff's treatment for her impairments has also, with the exception of her foot surgery, been routine and conservative, with plaintiff's pain and mental impairments being treated with a combination of prescription medications and therapy. Accordingly, I find that the ALJ did not abuse his discretion in determining that plaintiff's testimony was not entirely credible.

I have considered the rest of the plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings

(Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 11, 2018.